IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEVI B. SCHMALE, JR.       )
                           )
              Petitioner,  )   C.A. No. 06-16 Erie
                           )
         v.                )
                           )   District Judge McLaughlin
MARILYN BROOKS, et al.,    )   Magistrate Judge Baxter
                           )
              Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner, Levi B. Schmale, Jr., be dismissed, and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner is a state prisoner currently incarcerated at the State Correctional Institution located in Albion, Pennsylvania. He has filed a habeas petition pursuant to 28 U.S.C. § 2254. In the petition, he alleges that the Pennsylvania Board of Probation and Parole (the "Board") violated his due process rights when it denied his 2005 parole application.

**A.   Relevant Factual and Procedural History**

Petitioner is serving an aggregate sentence of 2 years 9 months to 6 years as a convicted parole violator. (Doc. 6, Ex. 2). The controlling minimum date on his sentence was October 20, 2005, and the controlling maximum date is January 1, 2009. (Doc. 6, Ex. 3).

In the summer of 2005, the Board was processing Petitioner's request for parole. In July 2005, officials from the Pennsylvania Department of Corrections (the "DOC") issued a "Minimum Summarization Report," and noted that the Warden recommended that Petitioner's request for parole be refused. (Doc. 6, Ex. 2). The report further noted:

> In regards to programming[,] inmate Schmale has completed Citizenship (9/04), Mental Health Education (11/04), and is currently attending the Orientation Phase of Sex Offender Programming. *According to an update of Inmate Schmale's Sex Offender Programming they indicate that the subject has earned an 85% placing him within the average range of the class. They describe him as someone who does not seem to understand much of the material however; they indicate they feel the subject should repeat the Intermediate Phase of the group.*

(Id. at 4-5 (emphasis added)).

On August 3, 2005, the Board issued its decision notifying Petitioner that it had denied his request for parole. The Board provided the following reasons for the denial: (1) the recommendation made by the DOC; (2) Petitioner's "need to participate in and complete additional institutional programs"; and, (3) his "interview with the hearing examiner and/or Board member." (Doc. 6, Ex. 1).

On or around January 25, 2006, Petitioner filed his petition for writ of habeas corpus with this Court. (Doc. 1). In the petition, he alleges that the Board unlawfully denied him parole. He argues that Pennsylvania law only requires that he "participate in" a sex offender treatment program, not "complete" the program. (Doc. 1 (citing 42 PA.CONS.STAT. § 9718.1)). He argues that because he "participated in" a sex offender treatment program, the Board's decision to deny him parole, which was based in part on his need to complete the program, violated his rights under the Due Process Clause of the Fourteenth Amendment.

### B.      Exhaustion

The federal habeas statute typically "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Respondents acknowledge, however, that Pennsylvania law does not provide a mechanism by which a prisoner such as Schmale can challenge a parole denial based upon due process grounds. (Doc. 6 at 2 n.1). As a result, Schmale is exempt from the exhaustion requirement. Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir.) (2-1 decision), cert.

denied, Patrick v. DeFoy, 545 U.S. 1149 (2005).[1]

### C.  Discussion

To the extent that Petitioner is claiming that he is entitled to habeas relief because the Board allegedly violated state law, that claim fails.  To obtain habeas relief, a petitioner must show that his federal constitutional rights were violated.  28 U.S.C. §§ 2241(c)(3); 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); e.g, Johnson v. Rosemeyer, 117 F.3d 104, 109-12 (3d Cir. 1997).  Claims attacking an alleged state-law violation do not state a basis for a federal habeas claim.  Estelle, 502 U.S. at 67-68.

As for Petitioner's due process claims, those claims have no merit.  The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps.  See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972).  First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state.  Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571).  Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient.  Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)).  Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  Thus, absent the creation of a liberty interest in parole, a state's decision to deny

---

[1] In Defoy, the Third Circuit Court exempted from the exhaustion requirement state prisoners that are challenging the denial of their parole applications on constitutional grounds other than a violation of the *ex post facto* clause.  393 F.3d at 445.  The panel majority in Defoy noted that a state prisoner need not exhaust state remedies if he "shows that doing so would be futile because state procedures are unavailable or ineffective." Id. at 442.  It then cited to Weaver v. Pennsylvania Board of Probation and Parole, 688 A.2d 766 (Pa.Cmwlth.Ct. 1997) and noted that Weaver establishes that "mandamus is not available to a prisoner denied parole based upon a constitutional error by the parole board." Id. at 444.  Because mandamus relief is not available to state prisoners challenging the denial of parol on constitutional grounds other than under the *ex post facto* clause, state prisoners such as Schmale need not present their claims to the state court before seeking federal habeas corpus review.  Id. at 445.

parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999). Because Petitioner cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Petitioner's claim also fails under a substantive due process analysis. The Third Circuit Court has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). The Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

The Third Circuit Court has stressed, however, that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which the Third Circuit Court has termed at times "conscience shocking." Hunterson, 308 F.3d at 246-47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." Id. at 247-48. It also has stated: "federal courts are not authorized to second-guess parole boards and the requirements of

substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added).

In Petitioner's case, it cannot be disputed that there was "some basis" for the challenged decision. Moreover, he has failed to direct the court to any factor relied upon by the Board that could be described as "conscience shocking." He simply complains that the Board's denial of his parole is arbitrary and capricious because it is requiring him to *complete* the sex offender treatment program to its satisfaction before it will grant him parole. It is certainly legitimate, however, for the Board to consider a prisoner's progress in rehabilitative programs before releasing him on parole. See e.g., McGinnis v. Royster, 410 U.S. 263, 277 (1973) (it is legitimate for state to afford prison officials adequate opportunity to evaluate an inmate's rehabilitative progress before considering him for parole eligibility). Thus, the Board's consideration of Petitioner's progress, or lack thereof, in the sex offender treatment program bears a rational relationship to the Commonwealth's interest in determining whether he has been rehabilitated. Consideration of his lack of progress in the sex offender treatment program did not violate his right to substantive due process.

**D.    Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."   Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must

identify which specific issues satisfy the standard. Because Petitioner has not made such a showing, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


Dated: April 24, 2007                    S/Susan Paradise Baxter
                                         SUSAN PARADISE BAXTER
                                         Chief U.S. Magistrate Judge


cc:     The Honorable Sean J. McLaughlin
        United States District Judge